HACKETT *v.* McILWAIN.

ESTATES OF DECEDENTS—ATTORNEY AND CLIENT—PERSONS INTERESTED IN ESTATE—PROCEEDS OF JUDGMENT FOR NEGLIGENCE.

No recovery can be allowed in equity to the estate of a deceased person from an attorney who prosecuted an action in behalf of the widow of deceased, in the name of the administrator, for negligence causing death, under an agreement with her for a contingent fee, where the attorney had compromised the cause of action and paid to the widow her share

as agreed; it appearing that the widow alone was pecuniarily affected by the death, and the administrator consented to the arrangement.

Appeal from Wayne; Hosmer, J.   Submitted June 21, 1909.   (Docket No. 19.)   Decided September 21, 1909.

Bill by Percy Hackett, administrator of the estate of Ralph Hackett, deceased, against John .B. McIlwain for an accounting.   From a decree for complainant, defendant appeals.   Reversed, and bill dismissed.

*James Swan*, for complainant.

*Frank T. Wolcott (William T. Mitchell* and *Alex. J. Groesbeck*, of counsel), for defendant.

MOORE, J.   The bill of complaint was filed in this case August 29, 1907.   In it is recited the appointment of the complainant as administrator in May, 1898, of the estate of Ralph Hackett, deceased.   It contains the following averments:

"*Second.* That part of the assets of said estate was a claim for damages arising out of the death of the said Ralph Hackett, against the Wilson Transit Company.
"*Third.* That complainant employed the defendant herein, John B. McIlwain, as his attorney for the purpose of prosecuting a suit against the said Wilson Transit Company under the arrangement whereby the said McIlwain was to receive 50 per cent. of whatever was collected in said suit if suit was necessary, and 40 per cent. if the matter was settled before a trial."

It further avers a commencement of suit, a settlement thereof, an entry of judgment, its satisfaction by defendant, and his refusal to account therefor.   The important parts of the prayer are:

" That this court require an accounting to be made by him (defendant) of the moneys collected by him in said cause and wilfully appropriated to his own use.
" That the court decree how much of the moneys so col-

lected by the defendant in said cause shall be properly payable to him as administrator of said estate, and that he be decreed by this court to pay the same."

The bill of complaint contains no averment as to who constituted the family of Ralph Hackett at the time of his death, or to whom or in what proportions the money obtained by the defendant should be distributed.

The defendant filed an answer, in which he denied that a part of the assets of the estate of Ralph Hackett was a claim for damages growing out of his death, and averred that the only person pecuniarily interested in his death and entitled to claim damages on account of his death was his widow.   The answer contains the following:

" (3) Defendant denies that complainant employed him as his attorney for the purpose of prosecuting a suit against the Wilson Transit Company, as set forth in paragraph 3, and says he never saw the said Percy Hackett, complainant, and was never employed by him, except as hereinafter set forth.   The defendant says: That he was employed to prosecute said suit by the widow of Ralph Hackett, who was the only person pecuniarily damaged by his death.   That the estate of Ralph Hackett, deceased, had been subsequently closed, and whatever property he had had been divided under the statute.   That the widow desired to bring a suit against the Wilson Transit Company for her benefit for damages arising out of the negligence of the said Wilson Transit Company and its servants, resulting in a collision between the boat of which the said Ralph Hackett was master, and one of the boats of the Wilson Transit Company in the St. Clair Flats Canal, causing the death of the said Ralph Hackett, and also of the lookout.   That the wheelsman on the boat Torrent, being the boat on which Ralph Hackett was master, had disappeared to parts unknown, and the claim for damages against the Wilson Transit Company could not be proven without the testimony of the widow of Ralph Hackett, who was on board at the time.   That considerable friction arose between the widow of Ralph Hackett and his next of kin, including complainant, arising out of the settlement of his estate, and the said widow refused to have anything to do with the prosecution of said case against the said Wilson Transit Com-

pany in case any of the next of kin were in any manner connected with it.    That this defendant advised the widow that it would be necessary to bring a suit in the name of the administrator of the estate to recover for her, and this defendant was advised by her that the administrator, Percy Hackett, complainant, after closing up the matters of the estate, had offered to resign and let her be appointed for the purpose of prosecuting her suit against the Wilson Transit Company, in order that she might fully control the same.    This defendant advised her that he could fully control said case, and that he would guarantee her that, while he would have to bring the suit in the name of the administrator, he would make all settlements directly with her, as said suit was prosecuted solely for her interests, and with that understanding the widow employed this defendant to prosecute said suit under an arrangement by which defendant would advance all moneys necessary in the prosecution of said suit, and in case of recovery the expenses were to be deducted and the balance to be divided equally between this defendant and the said widow.    That this defendant advanced money—all the money in the prosecution of said suit, and neither the complainant nor any other person contributed a cent to the expense thereof.    It further avers that defendant then had a talk with the attorney for said estate, who approved of the arrangement, and agreed that no proceedings should be taken to discharge the administrator and close the estate until such time as the said suit could be tried and determined."

The answer sets out in detail defendant's version of the litigation and settlement, and avers that the attorney of the estate was advised of what was done.    It also avers a payment of all the expenses and costs of the litigation and settlement with the widow and a payment to her of her full share of the judgment.    After issue was joined, the case was tried, and a decree entered in favor of complainant for $1,250 and interest.    The case is brought here by appeal.

There is some conflict in the testimony given by the attorney for the estate and the testimony of Mr. McIlwain, which can be largely accounted for because of the lapse

of time. There are certain things, however, that are clearly established:

*First*, that Ralph Hackett left a widow and left no children, and it is not established in the record that at the time of his death anyone was dependent upon him except his widow.

*Second*, that another man was hurt at the time of his death, for which suit was successfully prosecuted by Mr. McIlwain.

*Third*, that Mr. McIlwain made a written contract with the widow for the prosecution of the suit prior to July, 1899.

*Fourth*, that Mr. McIlwain consulted with the attorney for the estate before the suit was brought, and received from him a letter, as follows:

"DETROIT, MICH., July 13, '99.
" Mr. McILWAIN, Atty.,
        " Port Huron, Mich.
"*Dear Sir:* I today received a letter from Mr. Hackett, the administrator, in which he informs me that he has had a conference with the other members of his family, and in which they permit me to make the arrangements with you on the lines laid down at our conference. They expressly provide that they will not have to lay out any money in the matter and will not assume any risk or any liability for costs in case the matter is lost.
        "Yours respectfully."

*Fifth*, that after the case was settled Mr. McIlwain paid all of the expenses of the litigation, and paid the balance over to the widow, as he had agreed. Notwithstanding the conflict in the testimony, we think the defendant has established his version of the transaction, and that the complainant has not shown a case calling for the intervention of a court of equity.

The decree of the court is reversed, and the bill of complaint is dismissed, with costs.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.